Michael S. **ROBERTS** and
Ann Poe, Appellants

v.

Janet Ann **NAPOLITANO**, In her official capacity as Secretary of Homeland Security, and John S. Pistole, In his official capacity as Administrator of the Transportation Security Administration, Appellees.

Nos. 11–5226, 11–5228.

United States Court of Appeals,
District of Columbia Circuit.

April 10, 2012.

Bradford Patrick Barron, Esquire, Alexander Michael Brodsky, Jason Patrick Gosselin, Brianna Lynn Silverstein, Drinker Biddle & Reath LLP, Philadelphia, PA, for Appellants.

Sydney Andrea Ramsey Foster, Douglas N. Letter, Esquire, U.S. Department of Justice, Ronald C. Machen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge,
TATEL and GRIFFITH, Circuit Judges.

## *JUDGMENT*

These consolidated appeals from the United States District Court for the District of Columbia's orders granting defendants' motions to dismiss were presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED and ADJUDGED** that the decision of the district court be affirmed.

Appellants brought suit in district court, alleging that Standard Operating Procedures (SOPs) issued by the Transportation Security Administration (TSA) violate the Fourth Amendment. Pursuant to 49 U.S.C. § 46110, exclusive jurisdiction to review "an order" issued by TSA is vested in the courts of appeals. *See* 49 U.S.C. § 46110(a), (c). Because the challenged SOPs constitute final agency action—that is, they took effect without need for further agency action and "give rise to legal consequences"—the SOPs are "orders" within the meaning of section 46110. *See Safe Extensions, Inc. v. FAA*, 509 F.3d 593, 598 (D.C.Cir.2007) ("[A]gency actions are reviewable as orders under section

46110 so long as they are final, i.e., so long as they mark the consummation of the agency's decisionmaking process and determine rights or obligations or give rise to legal consequences.").

Appellants argue that even if the SOPs are "orders," the district court had jurisdiction because their claims are not "inescapably intertwined" with review of the SOPs. *See, e.g., Merritt v. Shuttle, Inc.,* 245 F.3d 182, 187 (2d Cir.2001) ("[S]tatutes such as Section 46110(c) that vest judicial review of administrative orders exclusively in the courts of appeals also preclude district courts from hearing claims that are 'inescapably intertwined' with review of such orders."); *Americopters, LLC v. FAA,* 441 F.3d 726, 736 (9th Cir.2006) (explaining that district courts are "barr[ed] ... from hearing a damages claim that is inescapably intertwined with a review of the procedures and merits surrounding" an order reviewable under section 46110 (internal quotation marks omitted)). In this case, however, we have no need to wade into the nuances of the "inescapably intertwined" doctrine because appellants directly challenge TSA's orders. Appellants concede that they are no longer seeking damages, and their remaining claims for injunctive and declaratory relief directly seek review of orders issued by TSA. Accordingly, pursuant to 49 U.S.C. § 46110, the district court lacked jurisdiction to consider those claims.

There is no merit to appellants' claim that application of section 46110 to this case would raise serious due process concerns. None of the cases relied upon by appellants suggest that precluding district court review of constitutional challenges to administrative orders violates due process. *Cf. McNary v. Haitian Refugee Ctr., Inc.,* 498 U.S. 479, 496–97, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991) (suggesting that due process concerns would arise in the immi-

gration context if policy- and practice-based constitutional claims could be raised only in individual appellate court proceedings and only after the litigants "voluntarily surrender[ed] themselves for deportation" because this would be "tantamount to a complete denial of judicial review for most undocumented aliens"). And if, as appellants suggest, the administrative record is inadequately developed for appellate review, section 46110 expressly permits us to remand for further proceedings. *See* 49 U.S.C. § 46110(c) (court of appeals "may order the Secretary, Under Secretary, or Administrator to conduct further proceedings").

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.